IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ORLANDO WILLIAMS,

        Plaintiff,                    No. CIV S-11-3393 CKD P

   vs.

R. FIGUEROA,

        Defendant.              <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency

to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

\\\\\

1    In reviewing a complaint under this standard, the court must accept as true the
2 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
3 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
4 doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
5    Here, plaintiff's statement of claim is brief and uninformative. Plaintiff alleges
6 that defendant "denied me seeing the doctor when it was a follow up for my gout pain in my left
7 foot." (Dkt. No. 1 at 3.) He supplies no details or further explanation as to why defendant's
8 actions allegedly violated his federal constitutional rights. Nor does he attach any administrative
9 appeal documents that could supply factual detail about this incident.
10    Fed. R. Civ. P 8 sets forth general rules of pleading in the federal courts.
11 Complaints are required to set a forth (1) the grounds upon which the court's jurisdiction rests,
12 (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for
13 the relief plaintiff seeks. All that is required are sufficient allegations to put defendants fairly on
14 notice of the claims against them. See Conley v. Gibson, 355 U.S. 41, 47 (1957) (abrogated on
15 another ground by Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)); 5 C. Wright & A.
16 Miller, Federal Practice and Procedure § 1202 (2d ed. 1990). Rule 8 requires "sufficient
17 allegations to put defendants fairly on notice of the claims against them." McKeever v. Block,
18 932 F.2d 795, 798 (9th Cir. 1991)). Accord Richmond v. Nationwide Cassel L.P., 52 F.3d 640,
19 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the
20 notice requirement of Rule 8.) Plaintiff's bare and cursory allegations do not set forth the
21 grounds for this court's jurisdiction. Nor do they suffice to put defendant on notice of the claim
22 against him. Thus, the complaint will be dismissed with leave to amend.
23    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
24 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See
25 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms
26 how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless

there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

      Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's known serious medical needs.  Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).  To establish deliberate indifference, an individual defendant must have "purposefully ignore[d] or fail[ed] to respond to a prisoner's pain or possible medical need."  McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992) overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997).  "Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."  Id. at 1059.  "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim."  Franklin v. Or. State Welfare Div., 662 F.2d 1337, 1344 (9th Cir. 1981).  Furthermore, where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay caused "significant harm and that Defendants should have known this to be the case."  Hallett, 296 F.3d at 745-46; see McGuckin, 974 F.2d at 1060.  Mere delay of medical treatment, "without more, is insufficient to state a claim of deliberate medical indifference."  Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

      In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a

1 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
2 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
3 longer serves any function in the case.  Therefore, in an amended complaint, as in an original
4 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

     In accordance with the above, IT IS HEREBY ORDERED that:

     1.  Plaintiff's request for leave to proceed in forma pauperis (Doc. No. 2) is granted.

     2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

     3.  The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order.  Failure to file an amended complaint will result in a recommendation that the action be dismissed.

Dated: April 12, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
will3393.B